UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAVARES BROOKS,

            Petitioner,           Case No. 2:15-cv-14470
                                            Hon. Denise Page Hood
v.
RANDALL HAAS,

            Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner, Tavares Brooks, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the validity of his Saginaw Circuit Court conviction for first-degree murder, felon in possession of a firearm, carrying a dangerous weapon with unlawful intent, and commission of a felony with a firearm. Petitioner states that he exhausted six claims in the state courts during his direct appeal: 1) Petitioner is entitled to a new trial based on the discovery of new evidence; 2) insufficient evidence was presented at trial to sustain Petitioner's convictions; 3) the admission of the victim's statement to his mother violated Petitioner's Sixth Amendment confrontation rights; 4) the police did not exercise due diligence in attempting

1

to produce a witness at trial; 5) the admission of hearsay statements rendered Petitioner's trial fundamentally unfair; and 6) the police failed to disclose and analyze physical evidence. Petitioner states that his family has hired a private investigator who informs him that he requires approximately 120 days to gather new evidence to support a post-conviction motion that will be filed in the trial court. He seeks an order staying this case while his state post-conviction proceeding is pending.

The Court will summarily dismiss this petition without prejudice because Petitioner has failed to show sufficient need for a stay. The Court will also deny a certificate of appealability and permission to appeal in forma pauperis.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

II.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue sua sponte when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*,

17 F.3d 155, 160 (6th Cir. 1994).

The allegations in the petition indicate that Petitioner has an additional claims that he wishes to present to this Court that have not yet been presented to the state courts. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies.

However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Here, Petitioner completed direct review of his conviction when the Michigan Supreme Court denied his application for leave to appeal on November 24, 2015. *People v. Brooks*, No. 151801 (Mich. Sup. Ct. Nov. 24, 2015). The one-year statute of limitations will begin to run under

§2244(d)(1)(A) when the ninety-day period for seeking certiorari in the United States Supreme Court expires. Here, that means that the statute of limitations for filing this case will begin to run February 22, 2016. Furthermore, once Petitioner properly files a motion for state post-conviction review, the statute of limitations will cease to run while that proceeding remains pending in the state courts. See §2244(d)(2). Therefore, Petitioner is not in danger of running afoul of the statute of limitations, and there is no basis for staying this case rather than dismissing it without prejudice. See *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (stay of habeas case requires showing of "good cause.").

Accordingly, the Court will dismiss the petition without prejudice so that Petitioner may exhaust his state court remedies with respect to the claims he intends to present to the state courts in his post-conviction proceeding.

III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IV.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

<pre>
                           s/Denise Page Hood
                           Denise Page Hood
                           Chief Judge, United States District Court
</pre>

Dated: July 29, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2016, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager